# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DONALD MCKENZIE,
Plaintiff,

vs.

HIGHLAND COUNTY, OHIO
SHERIFF'S OFFICE, et al.,
Defendants.

Case No. 1:18-cv-78
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Donald McKenzie, proceeding pro se, brings this action against defendants Highland County, Ohio Sheriff's Office ("the Sheriff's Office"), Deputy Sheriff Vincent Antinore, and Sgt. Chris Bowen[1] under 42 U.S.C § 1983 for civil rights violations stemming from the December 29, 2015 seizure of his vehicle and property. This matter is before the Court on defendants' motion to dismiss (Doc. 15), plaintiff's response in opposition (Doc. 20), and defendants' reply memorandum (Doc. 21).

## I. The Complaint (Doc. 1)

The complaint in this matter makes the following allegations: On December 29, 2015, defendant Deputy Sheriff Vincent Antinore stopped plaintiff and his passenger, Kaitlin Webb, in plaintiff's vehicle near North Beach Road in Highland County, Ohio. (Complaint, Doc. 1 at ¶ 7). Defendant Antinore obtained identification from both plaintiff and Ms. Webb. (*Id.* at ¶ 8). Plaintiff alleges that defendant Antinore returned to his patrol car and discovered that Ms. Webb had an outstanding warrant. (*Id.*). Defendant Sgt. Bowen arrived to the scene and observed Ms. Webb exit plaintiff's vehicle. (*Id.* at ¶ 9). Ms. Webb stated to defendant Bowen that she "had been with McKenzie and chemicals were in his truck." (*Id.* at ¶¶ 9-10). Plaintiff alleges that he

---

[1] Plaintiff has also named John/Jane Does in the complaint.

was initially detained by defendant Antinore and told that he "was not free to leave." (*Id.* at ¶ 11). Plaintiff alleges that the detention was more "than needed to complete any official business." (*Id.* at ¶ 12). Plaintiff alleges that his car was searched without his consent after he refused the search three times. (*Id.* at ¶¶ 14-15). Defendant Bowen ordered plaintiff to exit his truck and found "chemicals" on the passenger side of the truck during the search. (*Id.* at ¶¶ 16, 18). Ms. Webb was taken into custody, but plaintiff was told he was "free to leave." (*Id.* ¶ at 19).

Thereafter, defendants seized plaintiff's vehicle. (*Id.* ¶ at 20). On May 3, 2016, five months after the date of the incident and seizure of the vehicle, plaintiff was indicted in the Highland County, Ohio Court of Common Pleas for illegal assembly or possession of chemicals for the manufacture of methamphetamine in violation of Ohio Rev. Code § 2925.041(A). (*Id.* at ¶ 21). Plaintiff also received a "forfeiture specification" pursuant to Ohio Rev. Code § 2981.02. (*Id.*). Plaintiff alleges that a jury found him guilty of possessing chemicals used to manufacture methamphetamine; however, a jury found that his truck was not subject to forfeiture. (*Id.* at ¶ 22). Plaintiff received a prison sentence of thirty-six months. (*Id.*). Plaintiff alleges that his truck and possessions inside the truck, including tools needed for his employment, were "unconstitutionally impounded for a period of nine (9) months." (*Id.* at ¶ 23).

Based on these facts, plaintiff brings claims against defendants Antinore and Bowen under the Fourth Amendment for unreasonable seizure of his vehicle and property. Plaintiff also brings claims against the Highland County Sheriff's Office for failing to supervise and train its officers.

## II. Rule 12(b)(6) Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. Defendants' Motion to Dismiss should be granted.

Defendants move to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground the complaint fails to state a claim upon which relief can be granted. (Doc. 15).

3

Defendants contend that the claims against the Sheriff's Office must be dismissed because it is not subject to suit under 42 U.S.C § 1983. (*Id.* at 3) (citing *Boykin v. Van Buren Twp. Police Dep't*, 479 F.3d 444, 450 (6th Cir. 2007)). Defendants also argue that plaintiff's Fourth Amendment claim is time-barred by the two-year statute of limitations in Ohio. (*Id.*). Defendants maintain that the seizure of plaintiff's vehicle was constitutional. (*Id.* at 4). Defendants also argue that plaintiff fails to state a claim for relief against defendants Bowen and Antinore in their official capacities. (*Id.* at 5). Finally, defendants argue that plaintiff has failed to properly plead a failure to supervisor or train claim against the Sheriff's Office. (*Id.* at 6-7).

### A. Plaintiff's § 1983 Claims are Time-Barred

Defendants argue that plaintiff's claims are time-barred under the two-year statute of limitations in Ohio, which is applicable to § 1983 claims. (Doc. 15 at 3-4). Because the injury arises out of an alleged "unconstitutional search and seizure" that occurred on December 29, 2015, and this lawsuit wasn't filed until February 2, 2018, defendants argue that plaintiff's § 1983 claims are time barred. (*Id.* at 4).

In response, plaintiff argues that his claims are not time-barred based on the continuing violation doctrine. (Doc. 20 at 4). Plaintiff argues that the statute of limitations remained tolled until September 12, 2016—the end date of the "continuing violation" when the jury verdict determined that his vehicle was not subject to forfeiture. (*Id.* at 5) (citing *Deck v. City of Toledo*, 56 F. Supp.2d 886 (N.D. Ohio 1999)).

In reply, defendants argue that the continuing violation doctrine is rarely applied in § 1983 cases. (Doc. 21 at 4). Defendants argue that this Court and courts within the Sixth Circuit have held that the post-seizure retention of vehicles does not give rise to a continuing violation. (*Id.*) (collecting cases).

4

Because 42 U.S.C § 1983 does not specify a statute of limitations, courts apply the statute of limitations from the state's general personal injury statute, which in this case is two years for cases filed in Ohio. *Trzebuckowski v. City of Cleveland*, 319 F. 3d 853, 855-56 (6th Cir. 2003) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1998)). "Although the limitations period for § 1983 actions is borrowed from state law, federal law governs when the limitations period begins to run." *Stanley v. Malone*, No. 2:07-cv-694, 2009 WL 485491, at *4 (S.D. Ohio Feb. 26, 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). The statute of limitations begins to run when "the plaintiff knew or should have known of the injury which forms the basis for his or her claim." *Id.* (citing *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). In Fourth Amendment claims for unlawful searches and seizures, the statute of limitations begins to run at the time of the seizure of the vehicle and not on the date the state court determines that the seizure was illegal. *Id.* at *5. *See also Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) (plaintiff's claims accrued on the date of the alleged illegal search and seizure); *Michel v. City of Akron*, 279 F. App'x 477, 480 (6th Cir. 2008) (same); *Rodriguez v. City of Cleveland*, 439 F. App'x 433, 458 (6th Cir. 2011) (same).

In this case, plaintiff's Fourth Amendment claim arises out of an alleged "unconstitutional seizure" of his vehicle on December 29, 2015. (Complaint, Doc. 1 at ¶¶ 7, 20). Therefore, the complaint, which was filed more than two years later on February 2, 2018, is barred by the statute of limitations.

The Court disagrees with plaintiff that the continuing violation doctrine applies to toll the statute of limitations in this case until September 12, 2016—when a jury determined that his vehicle was not subject to forfeiture. The continuing violation doctrine applies when: (1) the defendants' wrongful conduct continues after the precipitating event that began the pattern; (2)

5

injury to the plaintiff continues to accrue after that event; and (3) further injury to the plaintiff was avoidable if the defendants had at any time ceased their wrongful conduct. *Stanley*, 2009 WL 485491, at *6 (citing *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999)). The Sixth Circuit "rarely extends [the continuing violation doctrine] to § 1983 actions." *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003). Courts have held that the post-seizure retention of vehicles does not invoke the continuing violation doctrine. *See Stanley*, 2009 WL 485491, at *6; *Herrin v. Dunham*, No. 05-10245, 2008 WL 2718802 (E.D. Mich. Jul. 10, 2008).

Plaintiff alleges that the continuing violation doctrine applies because defendants retained his vehicle for a period of nine months after the initial seizure until a jury eventually found that his vehicle was not subject to forfeiture. (Doc. 20 at 5). In this regard, the continuing violation doctrine does not apply because it is the "allegedly unlawful seizure of the vehicle that triggered the § 1983 claim. Defendants' continued retention of the seized vehicle[] . . . [is] simply [a] continuing ill effect[] of the earlier seizure." *Stanley*, 2009 WL 485491, at *7. Thus, the statute of limitations began to run at the time of the alleged unlawful seizure—on December 29, 2015. Accordingly, plaintiff's § 1983 claims are time-barred by the two-year statute of limitations, and plaintiff's complaint should be dismissed.[2]

## IV. Conclusion

---

[2] The Court declines to consider the alternate grounds for dismissal asserted in defendants' motion to dismiss because it has conclusively determined that plaintiff's § 1983 claims are time-barred by the two-year statute of limitations.

6

Based on the foregoing reasons, it is **RECOMMENDED** that:

1. Defendants' motion to dismiss (Doc. 15) be **GRANTED**.
2. Plaintiff's complaint be **DISMISSED** with prejudice and this case is **CLOSED** on the docket of this Court.

Date: 12/7/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD MCKENZIE,
    Plaintiff,

vs.

HIGHLAND COUNTY, OHIO
SHERIFF'S OFFICE, et al.,
    Defendants.

Case No: 1:18-cv-78
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).